UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 03-CR-20079 |
| ) | |
| **NATRIS L. MORRIS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On March 20, 2008, Defendant, Natris L. Morris, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#36). That same day this court appointed the Federal Defender's Office to represent Defendant. On June 19, 2008, this court entered Administrative Order No. 08-U-0035 (#37) suspending the filing deadlines on Defendant's Motion (#36) until the United States Court of Appeals for the Seventh Circuit rendered its decision in United States v. Monica Poole, Appeal Number 08-2328, the Defendant having 30 days from the date of the decision and the United States 30 days thereafter to file an appropriate pleading with the court. The Seventh Circuit subsequently rendered its decision in a published opinion as United States v. Poole, 2008 WL 5264410 (7th Cir., Dec. 19, 2008). On January 14, 2009, Defendant's counsel filed a Motion to Withdraw as Counsel (#38). For the following reasons, this court GRANTS defense counsel's Motion to Withdraw as Counsel (#38).

BACKGROUND

On December 2, 2003, Defendant pleaded guilty to: one count of conspiracy to distribute 5

kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (Count 1); one count of distribution of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) (Count 2); and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). Because of Defendant's prior felony drug convictions, the statutory mandatory minimum term of imprisonment for Count 1 was 20 years' imprisonment. The statutory mandatory minimum term of imprisonment for Count 3 was 5 years' imprisonment to be imposed consecutively to any other term of imprisonment.

The Pre-Sentence Report (PSR), which this court adopted at sentencing on February 3, 2005, reported that Defendant was accountable for quantities of powder cocaine, MDMA/Ecstasy and marijuana, for a combined total of 21,002.27 kilograms of marijuana equivalent drugs resulting in a base offense level of 36. Applying a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR reported a total offense level of 33. Defendant's criminal history category was I, leading to an initial guideline imprisonment range of 135 to 168 months. Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory minimum sentence was greater than the maximum of the initial guideline range, the guideline sentence became 240 months. Defendant was sentenced to a total term of 181 months in the Federal Bureau of Prisons. This term consisted of 121 months on Count 1 and Count 2, to be served concurrently, and 60 months on Count 3, to be served consecutively. Defendant's sentence on Count 1 departed from the guidelines range upon the motion of the Government as a result of Defendant's substantial assistance.

On February 2, 2007, the Government filed a Motion to Reduce Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure (#33). On February 21, 2007, this court granted the Government's Motion and reduced Defendant's sentence to a term of 120 months. This term

consisted of 60 months on Counts 1 and 2, to be served concurrently, and 60 months on Count 3, to be served consecutively.

On March 20, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#36) and the Federal Defender's Office was appointed to represent him. Following the Seventh Circuit's decision in Poole, defense counsel filed his Motion to Withdraw as Counsel (#38). In the Motion, defense counsel states that Defendant was not charged with a crack cocaine offense, nor was crack cocaine included in calculating Defendant's offense level. Defense counsel argues that the amendments to the crack cocaine guidelines, therefore, do not have any application to Defendant's case. Defense counsel further asserts that, even if the amendments to the crack cocaine guidelines did apply to this case, this court lacks subject matter jurisdiction to revisit Defendant's sentence because Defendant's sentence was based on a statutory mandatory minimum sentence, and not on the Sentencing Guidelines. Defense counsel notes that this view is supported by the Guidelines themselves and the Seventh Circuit in Poole.

## ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 553(a)

to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction is not consistent with applicable policy statements if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. 1(A).

In this case, the amendments do not apply to Defendant because he was not sentenced for a crack cocaine offense. In addition, based upon Poole, this court lacks subject matter jurisdiction to reduce Defendant's sentence because he was sentenced based upon the statutory mandatory minimum rather than the sentencing guidelines. Accordingly, Defense counsel's Motion to Withdraw as Counsel (#38) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) The Motion to Withdraw as Counsel (#38) filed by the Federal Defender's Office is GRANTED and Defendant is allowed to proceed in this matter pro se.

(2) Defendant shall file with this court, no later than 30 days of the date of this Order, a pleading that either (a) concedes that the Amendment does not apply because he was not sentenced for a crack cocaine offense, or (b) explains why the Amendment applies in spite of the sentence being imposed for an offense that was not a crack cocaine offense and which was based on the statutory mandatory minimum.

ENTERED this 20th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE